S. LANE TUCKER
United States Attorney

WILLIAM A. TAYLOR
MAC CAILLE PETURSSON
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: william.taylor@usdoj.gov
Email: mac.caille.petursson@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES SHANNON VIRGIAL PEARCE,<br><br>    Defendant. | No. 3:24-cr-00063-JMK-MMS |

**MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

Comes now the United States of America and advises this Court that it will move for a hearing to determine whether the defendant should be detained pending trial. The Government seeks a detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(A). Pursuant to the 18 U.S.C. § 3142(g) factors, there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant and the safety of the community as required under 18 U.S.C. § 3142(e)(1).

# FACTS

On June 11, 2024, Defendant James Pearce, entered the U.S. Courthouse & Federal Building and claimed there was a bomb in the federal courthouse. He was detained and questioned by law enforcement and stated unequivocally that there was a bomb set on a timer in the federal courthouse, as well as six others located around Anchorage. Defendant was placed under arrest and evacuation procedures commenced, forcing dozens of federal employees and visitors to evacuate the building. Defendant made additional statements after his arrest, claiming that he was a member of Al-Qaeda, that he was conducting surveillance for them, and he referenced ISIS and other terrorist attacks, including the bombing of the Federal Building in Oklahoma City.

On June 12, 2024, a federal grand jury returned a verdict charging the Defendant with committing a Bomb Hoax at a Federal Building, in violation of 18 U.S.C. § 1038(a)(1). Defendant's initial appearance before this Court is pending.

# ARGUMENT

**1. The United States is entitled to a detention hearing**

Defendant poses a serious risk of flight.[1] There is no condition or combination of conditions that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

There is a serious risk that the Defendant will flee, given the gravity of the charges and length of imprisonment he faces if convicted. In addition, Defendant's prior criminal

---

[1] 18 U.S.C. § 3142(f)(2)(A).

history, which includes attempted escape and violations of his conditions of release, suggests that he is unlikely to comply with the Court's orders. Defendant's attempted escape conviction involved removing, tampering with, or disabling his electronic monitoring equipment while on release.[2]

2. **Defendant should be detained**

   a. **The statutory factors under 18 U.S.C. 3142(g) weigh in favor of detention**

In assessing whether pretrial release or detention is appropriate, Congress has specified factors that should guide the Court's inquiry.[3] Weighing these factors in this case supports the conclusion that pretrial detention is appropriate.

   b. **The nature and circumstances of the offense charged weighs in favor of detention**

Defendant is charged with making bomb threats to multiple federal facilities. His threats were made directly to law enforcement and caused the evacuation of the entire federal building. This was a deliberate and calculated offense with serious costs on the victims. This factor weighs in favor of detention.

   c. **The weight of the evidence against the Defendant weighs in favor of detention**

Though the Court gives this factor the least amount of weight, the weight of evidence against the Defendant is strong. He entered a federal facility and made bomb threats that were heard by multiple law enforcement officers, he re-iterated those threats while being

---

[2] *State of Alaska v. Pearce*, 3AN-21-00476CR.
[3] 18 U.S.C. 3142(g).

United States v. Pearce
3:24-cr-00063-JMK-MMS

recorded, he referred to many other high-profile threats that indicated to law enforcement that he knew what he was talking about, and he has a history of making such hoax threats. This factor weighs in favor of detention.

### d. Defendant's history and characteristics weighs in favor of detention

Due to the nature of the threats Defendant made, Defendant also poses a serious danger to the community. Defendant has made similar threats in the past and is undeterred by the conditions of release he is under in his underlying state case to conform to the law or court orders. According to Alaska State Troopers ("AST") report #AK21049463, on May 7, 2021, Defendant claimed he sent a bomb threat to the White House. Additionally, on July 8, 2020, an AST report (#AK20046574) indicates that Defendant was reported as a subject in a disturbance call where he had got into an altercation, grabbed a gas can full of gas and threatened to light a structure on fire. According to a victim statement, Defendant was mentioned as being militant and extreme in his thoughts and actions. The victim also mentioned that Defendant stated he was part of the Hells Angels and on several occasions told the victim he could have him "taken care of".

Defendant has a lengthy criminal history of both misdemeanor and felony crimes ranging from convictions for theft, possession of controlled substances, robbery, reckless endangerment, escape, and violating conditions of release all from within the past five years in the State of Alaska.

//

//

United States v. Pearce
3:24-cr-00063-JMK-MMS

Notably, Defendant was convicted in 2019 for violating his conditions of release for a felony,[4] and again in 2021 for violating his conditions of release for a felony.[5] In between those offenses, Defendant racked up a slew of misdemeanor and felony charges, resulting in two misdemeanor theft convictions,[6] a conviction for misconduct involving controlled substances,[7] and a felony Robbery in the second-degree conviction, which involves the use or threat of immediate force,[8] and a conviction for attempted escape, which involves removing, tampering with, or disabling his electronic monitoring equipment[9]. Most recently, Defendant was convicted in 2023 for reckless endangerment.[10]

Reports from Defendant's state parole officer indicate that just prior to entering the federal building and making bomb threats, Defendant was reporting to his parole officer across the street, where he tested positive for controlled substances and was about to be remanded, which presumably constitutes another violation of his conditions of release.

### e. At the time of the current offense or arrest, the Defendant was on parole

At the time of the current offense, Defendant was on probation for a reckless endangerment conviction. Prior to coming to the federal courthouse and making his bomb threats, Defendant had reportedly been across the street reporting to his parole officer

//

---

[4] *State of Alaska v. Pearce*, 3HO-19-00355CR.
[5] *State of Alaska v. Pearce*, 3AN-21-03319CR.
[6] *State of Alaska v. Pearce*, 3AN-20-00273CR and State of Alaska v. Pearce, 3HO-20-00106CR.
[7] *State of Alaska v. Pearce*, 3KN-20-00889CR
[8] *State of Alaska v. Pearce*, 3AN-21-00476CR.
[9] *Id*.
[10] *State of Alaska v. Pearce*, 1AN-23-04558CR.

where he tested positive for controlled substances.[11] This factor weighs in favor of detention.

### f. The nature and seriousness of the danger to any person or the community weighs in favor of detention

The Defendant entered a federal building and ultimately stated that there was a bomb in the building set on a timer and six others around Anchorage. He re-iterated his threat and gave law enforcement reason to believe that his threat was credible and required evacuation of the building in order to protect everyone in the vicinity. Given the history of threats Defendant has made, and the escalation of this most current bomb threat causing the entire federal building, as well as surrounding streets, to be evacuated or closed, the danger Defendant poses to the community is serious and this factor weighs in favor of detention.

## CONCLUSION

The Government submits that based on all the foregoing—Defendant's attempted escape, failure to obey court orders relating to his release conditions, and the amount of prison time he is facing—it is more likely than not that Defendant presents a risk of flight.

Defendant's history of assault, and escalating history of threats against both federal facilities, the White House, and victims, all demonstrate that he represents a danger to the community if he is released.

No matter how restrictive, all combinations of release conditions "contain one critical flaw. In order to be effective, they depend on [the defendant's] good faith

---

[11] *State of Alaska v. Pearce*, 3AN-23-04558CR.

United States v. Pearce
3:24-cr-00063-JMK-MMS

compliance."[12] The record here—particularly that fact that the crime was committed immediately after Defendant was caught violating his conditions of parole—gives little basis to conclude that the Court can expect to see such good faith compliance here. The Government therefore recommends the defendant be ordered detained pending trial because there is no condition or combination of conditions that will reasonably assure his appearance or the safety of the community.

      RESPECTFULLY SUBMITTED June 14, 2024, at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s *Mac Caille Petursson*
MAC CAILLE PETURSSON
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2024, a true and correct copy of the foregoing was served electronically on all counsel of record.

/s *Mac Caille Petursson*

---

[12] *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990)).

United States v. Pearce
3:24-cr-00063-JMK-MMS